# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL MARTINEZ, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Civ. No. 17-1012-JDT-cgc |
| VS. | ) | Crim. No. 06-10038-JDT-2 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

## ORDER DENYING MOTIONS TO APPOINT COUNSEL AND
## TO PROCEED *IN FORMA PAUPERIS*,
## DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
## DENYING CERTIFICATE OF APPEALABILITY,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Samuel Martinez. For the reasons stated below, the Court DENIES the § 2255 motion.

On June 26, 2006, a federal grand jury returned a four-count indictment against Martinez and a co-defendant, Dennis Vestal. In count one, Martinez and Vestal were charged with conspiring to possess with intent to distribute and to distribute over 500 grams of methamphetamine, in violation of 21 U.S.C. § 812. Count three charged Martinez with possession with intent to distribute and distribution of over 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). In count four, Martinez was charged with possessing a firearm during and in relation to and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). On June 8, 2007, Martinez entered a plea of guilty on counts one, three, and four.

At a hearing on January 11, 2008, he was sentenced to an effective prison term of 192 months.[1] The Court also imposed a five-year period of supervised release. Judgment was entered on January 14, 2008. No direct appeal was filed.

Martinez filed this § 2255 proceeding on January 20, 2017, (ECF No. 1), along with a motion to proceed *in forma pauperis*, (ECF No. 2), and a motion to appoint counsel, (ECF No. 3). Because Martinez is not entitled to relief on the face of his § 2255 motion, the motions to proceed *in forma pauperis* and to appoint counsel are DENIED.

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255

---

[1] Martinez was sentenced to concurrent 132-month terms of imprisonment on counts one and three, the drug trafficking offenses, and a consecutive 60-month term on count four, the § 924(c) charge.

Proceedings (§ 2255 Rules). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

The sole issue raised in Martinez's § 2255 motion is whether his sentence is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated a portion of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).[2] The ACCA requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." *Id.* § 924(e)(1). A "violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, or extortion, involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(i)-(ii). The last part of that definition is referred to as the "residual clause." In *Johnson* the Supreme Court held the ACCA's residual clause was unconstitutionally vague and that increasing a defendant's sentence under the clause was, therefore, a denial of due process. 135 S. Ct. at 2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

---

[2] On its face, Martinez's motion appears to be untimely even though it is based on *Johnson*. The Supreme Court decided *Johnson* on June 26, 2015. Pursuant to 28 U.S.C. § 2255(f)(3), in order to be timely Martinez's § 2255 motion had to be filed within one year of that decision, but he did not mail his motion until January 10, 2017, more than one year later. Nevertheless, because Martinez is not entitled to relief on the merits, the Court declines to further address the timeliness issue.

Martinez was not convicted of a violation of 18 U.S.C. § 922(g) or sentenced under the ACCA. Instead, he contends his 60-month consecutive sentence on count four, the firearm charge, is unlawful because the Supreme Court's decision in *Johnson* requires the conclusion that the residual definition of "crime of violence" in 18 U.S.C. § 924(c)(3) also is unconstitutionally vague. The challenged portion of § 924(c)(3) provides that a "crime of violence" is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

The ACCA's residual definition of "violent felony" and § 924(c)(3)(B)'s residual definition of "crime of violence" are indeed similar.[3] However, Martinez's § 924(c) conviction does not depend on that definition of "crime of violence." Section 924(c) provides for a consecutive 60-month sentence for "any person who, during and in relation to any crime of violence **or** drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." *Id.* § 924(c)(1) (emphasis added). The predicate offense for Martinez's § 924(c)

---

[3] Even if Martinez's § 924(c) conviction was based on a crime of violence, he would not be entitled to relief. In *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), the Sixth Circuit held that *Johnson* does not require also invalidating the residual definition of a "crime of violence" in § 924(c)(3)(B). 814 F.3d at 375-79. In *Shuti v. Lynch*, 828 F.3d 440 (6th Cir. 2016), the Court of Appeals held an identical residual definition in the Immigration and Nationality Act unconstitutional based on *Johnson*. However, the Court also stated:

> [W]e find *Taylor* wholly consistent with our conclusion. . . . because the statute at issue in *Taylor* is a criminal offense and 'creation of risk is an element of the crime.' . . . Unlike the ACCA and INA, which require a categorical approach to stale predicate convictions, 18 U.S.C. § 924(c) is a criminal offense that requires an ultimate determination of guilt beyond a reasonable doubt—by a jury, in the same proceeding. This makes all the difference. . . .

*Id.* at 449-50.

conviction was not a violent felony but a drug trafficking crime under 21 U.S.C. § 841(a)(1). Thus, the decision in *Johnson* simply is not applicable to Martinez's case.

Based on his § 2255 motion and the entire record in this case, the Court finds that Martinez is not entitled to relief. 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. A response from the United States is not necessary. Accordingly, the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issue raised in this § 2255 motion is not debatable for the reasons stated. Therefore, the Court DENIES a certificate of appealability.

In order to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a movant must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997). Rule 24(a) provides that if the district court certifies an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court instead of the district court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a certificate of appealability, the Court also CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Martinez would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED. Accordingly, if Martinez files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE